Kathy KOLBE, et al., Plaintiffs,

v.

Pierre TRUDEL, et al., Defendants.

No. CIV 95–1841 PHX CAM.

United States District Court,
D. Arizona.

May 9, 1996.

Brian William LaCorte, Jones Skelton & Hochuli, Phoenix, AZ, for Plaintiffs.

Andrew S. Gordon, Coppersmith & Gordon, Phoenix, AZ, for Defendants.

## ORDER

MUECKE, District Judge

Having considered the pleadings filed concerning defendants' motion to dismiss the complaint, the Court concludes as follows:

## INTRODUCTION

In this lawsuit, plaintiffs' Kathy Kolbe and Kolbe Corporation ("Kolbe") allege copyright infringement, violations of the Lanham Act, unfair competition and breach of contract against defendants. Defendants Pierre Trudel and Les Vraies Reponses, Inc. ("Trudel") seek to have this Court dismiss this action for failure to state a claim and lack of subject matter jurisdiction.

## STANDARD OF REVIEW

Summary judgment may be granted if the movant shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. Summary judgment is proper if the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of his case on which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The disputed fact(s) must be material. *Id.* Substantive law determines which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, the dispute must be genuine. A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Liberty Lobby,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11. In a civil case, the question is:

> whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff.

*Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512.

## DISCUSSION

Kolbe is the author and owner of a business that markets "test instruments" for use in connection with hiring, career selection, team building and personal fulfillment. Defendant Trudel entered into two licensing agreements[1] with Kolbe (in 1993–94 and 1995) that authorized Trudel to use the test instruments developed by Kolbe in Trudel's work with his customers in Canada. Trudel resides in Canada and his company is a Canadian corporation. Specifically, Trudel was trained as a certified consultant, allowing them to market, distribute and administer plaintiff's testing instruments and interpret tests results.

Kolbe alleges four causes of action against Trudel: (1) copyright infringement under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq.;* (2) false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) common law unfair competition; and (4) breach of contract. Defendants argue that the first three causes of action should be dismissed because all of the acts occurred in Canada and are outside of the jurisdiction of this Court.

Defendant argues that the fourth cause of action should be dismissed for lack of subject matter jurisdiction in that plaintiff's infringement claim does not "arise under" the Copyright Act because it alleges a breach of a licensing agreement that does not implicate issues under a federal statute.

### A. *Copyright Infringement Claim*

### 1. *Extraterritorial Jurisdiction*

Kolbe alleges that Trudel prepared and distributed French translations of Kolbe's test instruments without authorization and in violation of the licensing agreements between the parties and of instructions from Kolbe not to use French translations of her works.

---

1. In the Licensing Agreements, the parties stipulate that Arizona law and jurisdiction govern the Agreements.

Because there are no allegations of activities occurring within the United States, Trudel seek dismissal, arguing that the Copyright Act has no extra-territorial application. *Subafilms, Ltd. v. MGM–Pathe Communications Co.,* 24 F.3d 1088 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994) (extra-territorial acts of alleged infringement do not state a claim under the Copyright Act)[2].

■ Kolbe argues that the forum-selection clause in the Licensing Agreements govern, and this Court has extra-territorial jurisdiction. *Northrop Corp. v. Triad International Marketing,* 811 F.2d 1265, 1270 (9th Cir. 1987), *cert. denied,* 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 219 (1987). Choice of law and choice of forum is one matter, subject matter jurisdiction is another. The parties cannot agree to invest this Court with subject matter jurisdiction. Either subject matter jurisdiction exists or it does not exist, a matter independent of the parties' agreement.

In *Subafilms,* the Ninth Circuit found that a claim for infringement brought under the Copyright Act did not state a claim for relief when the alleged infringing conduct consists solely of the authorization within the territorial boundaries of the United States of acts that occur entirely abroad. 24 F.3d at 1089. The Ninth Circuit reaffirmed clearly that the Copyright Act does not have extraterritorial effect and that infringing actions that take place entirely outside the United States are not actionable. 24 F.3d at 1091, n. 6.

■ Thus, plaintiff can only state a claim fully cognizable under the copyright laws by alleging an act of infringement within the United States. See *ITSI T.V. Prods., Inc. v. California Auth. of Racing Fairs,* 785 F.Supp. 854, 863–64 (E.D.Cal.1992), *rev'd on other grounds,* 3 F.3d 1289 (9th Cir.1993). If plaintiff's allegations involve acts outside the United States, this Court has no opinion about the possibility of pursuing that route, however, at least one court has found that actions under the copyright laws of other nations may be brought in United States courts. *See London Film Prods. Ltd. v. Intercontinental Communications, Inc.,* 580 F.Supp. 47, 48–50 (S.D.N.Y.1984).

■ In the complaint, plaintiffs allege that Trudel translated Kolbe's instruments into French and distributed some version of the tests without copyright notice or reference to Kolbe's company. The complaint indicates that the activity occurred in Canada. In the response to this motion, Kolbe fails to argue that any of the alleged activity occurred within the United States. Kolbe also fails to argue that the acts complained of caused confusion within the United States. Because the acts occurred outside the United States, this Court does not have subject matter jurisdiction under the Copyright Act or the Lanham Act to decide the issue of plaintiffs' copyright and trademark claims (Counts I and II of the complaint).

### 2. *Arising Under the Copyright Laws*

■ Even assuming this Court has subject matter jurisdiction—which it does not—the motion to dismiss has merit on other grounds. The licensing dispute does not arise under federal copyright law. Trudel obtained the right to purchase Kolbe materials and to use them in connection with consulting work with clients in Canada. Kolbe argues that Trudel infringed the copyright by making French translations of Kolbe materials and distributing the testing materials.

■ The "essence" of the allegations involve whether Trudel was authorized to make translations under the licensing agreements or as a result of the course of conduct between the parties. Allegations arise under the Copyright Act where:

> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer or ownership, or by rental, lease, or lending;

17 U.S.C. § 106.

---

**2.** Among other matters, Section 106 of the Copyright Act provides:

> Subject to sections 107 through 120, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
> (1) to reproduce the copyrighted work in copies or phonorecords;

(1) the infringement claims are not merely incidental to the claim seeking a determination of ownership or contractual rights under the copyright; (2) where the complaint alleges a breach of a condition to, or a covenant of, the contract licensing or assigning the copyright; and (3) if the complaint alleges a breach of a contractual covenant in the agreement that licenses or assigns the copyright, then the breach must be so material as to create a right of rescission in the grantor.

*Schoenberg v. Shapolsky Publishers,* 971 F.2d 926, 930–33 (2d Cir.1992).

The infringement claim is incidental to the breach of contract claim. Even if the infringement claim is not merely incidental to the breach of contract claim, no express or implied commitment on Trudel's part not to translate Kolbe's materials into French exists in the 1993–94 and 1995 licensing agreements. Finally, the breach is not so material as to create a right of rescission on Kolbe's part[3].

### B. *False Designation of Origin and Unfair Competition*

None of the claims of false designation of origin and unfair competition occurred in the United States or confused the American public. The Lanham Act[4] can be applicable to activities abroad if: (1) there is some effect on America foreign commerce; (2) the effect is sufficiently great so as to present a cognizable injury to plaintiffs under the federal statute; (3) the interests of and links to American foreign commerce is sufficiently strong in relation to those of other nations. *Ocean Garden, Inc. v. Marktrade Co.,* 953 F.2d 500, 503 (9th Cir.1991).

Because plaintiff entirely fails to address these claims and the aforementioned statute or arguments, and based on the merits of Trudel's argument, the Court dismisses these claims.

**3.** The Court also finds no merit to Kolbe's argument that Trudel effectively made themselves "stranger" to the copyright owner by acting beyond the license and infringing the licensor's copyright.

### C. *Diversity Jurisdiction*

Because the copyright infringement and Lanham Act claims fail, the only remaining issue is whether diversity jurisdiction exists to sustain the action. Specifically, Trudel argues that Kolbe fails to specify that she has suffered in excess of $50,000 in damages. The complaint does state generally that the jurisdictional amount has been met, but nowhere does Kolbe specify that she has suffered or how she has suffered an amount in excess of $50,000 in damages. In response to this motion, plaintiffs entirely fail to address this issue.

Accordingly, IT IS ORDERED THAT:

(1) Defendants' motion to dismiss (Doc. # 5) IS GRANTED.

(2) The Clerk of the Court shall terminate this matter.

**4.** Any person who uses a false designation of origin "in commerce" which is likely to cause confusion or mistake is liable in a civil action under the federal trademark statute (the Lanham Act). 15 U.S.C. § 1125(a)(1)(A).